**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 21, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

In re: LINDSEY KENT SPRINGER,

Debtor.

-----------------------------

LINDSEY KENT SPRINGER,

　　Appellant,

v.

UNITED STATES OF AMERICA;
STATE OF OKLAHOMA
EMPLOYMENT SECURITY
COMMISSION; STATE OF
OKLAHOMA TAX COMMISSION;
TULSA COUNTY TREASURER,

　　Appellees.

No. 24-5109
(D.C. No. 4:23-CV-00373-GKF-MTS)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Lindsey Kent Springer appeals from the district court's order affirming the bankruptcy court's denial of his motion to reopen.  Exercising jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291, we affirm.

I.

This is the latest of Mr. Springer's many appeals contesting his 1990–1995 federal income tax liabilities.  *See, e.g., United States v. Springer*, 427  F.App'x 650, 651 (10th Cir. 2011) (*Springer 2011*) ("The origins of this appeal span more than twenty years . . . . [S]uffice it to say Springer failed to pay his taxes from 1990 to 1995 . . . ."); *Springer v. I.R.S. ex rel. United States*, 231 F.App'x 793, 795–97 (10th Cir. 2007) (*Springer 2007*) (summarizing past litigation and procedural history).

As relevant here, after the IRS assessed his tax liabilities, Mr. Springer petitioned for relief in the United States Tax Court, which dismissed his petition as frivolous and finally adjudicated his 1990–1995 tax liabilities, in 1997.  Aplt. App. vol. II at 315.  We dismissed Mr. Springer's appeal from that judgment because he had not paid monetary sanctions imposed in an earlier frivolous appeal.  *Springer v. Comm'r*, No. 97-9008 (10th Cir. Oct. 15, 1997) (unpublished).

In subsequent proceedings, this court, the Tax Court, and the district court have all concluded the Tax Court's 1997 judgment has claim preclusive effect and bars Mr. Springer from challenging the validity of the tax liabilities it resolved. *See Springer 2007*, 231 F.App'x at 799 n.5 ("[R]es judicata . . . would bar [Mr. Springer's prior actions] to the extent [he] challenges the fact of his liability for

2

income taxes, interest, and penalties for 1990–1995."); Aplt. App. vol. II at 322 (the Tax Court's November 2007 ruling that "the doctrine of res judicata" precludes Mr. Springer from "raising issues relating to his underlying tax liability"); *United States v. Springer*, No. 08-CV-278-TCK-PJC, 2010 WL 830614, at *15 (N.D. Okla. Mar. 3, 2010) ("To the extent Springer's arguments . . . challenge his liability for the taxes assessed, the doctrine of res judicata bars his efforts."), *aff'd*, *Springer 2011*, 427 F.App'x at 653 ("[T]he underlying tax assessment 'is no longer open to challenge.'" (quoting *Springer 2007*, 231 F.App'x at 801)).

Underlying this appeal, Mr. Springer filed a bankruptcy petition in 2022, seeking to discharge his tax debts. The bankruptcy court entered a discharge order with the standard exclusion that "debts for most taxes" are not discharged. Aplt. App. vol. I at 167. Mr. Springer moved to reopen the bankruptcy case, arguing the IRS's efforts to collect his 1992–1995 taxes violated the discharge order, and seeking to file an adversary complaint against the United States to contest his tax liabilities.

The bankruptcy court denied the motion to reopen. Among other reasons, it ruled claim preclusion prevented Mr. Springer from challenging the validity of his 1990–1995 tax liabilities. He appealed to the district court, which affirmed.

Mr. Springer appealed. We have previously imposed filing restrictions that require him to obtain our permission before he may pursue an appeal in this court pro se. *See Springer 2007*, 231 F.App'x at 803. We denied his request to do so here, and he is now represented.

3

II.

"In an appeal from a final decision of a bankruptcy court, we independently review the bankruptcy court's decision, applying the same standard as the . . . district court." *Jubber v. SMC Elec. Prods., Inc.* (*In re C.W. Mining Co.*), 798 F.3d 983, 986 (10th Cir. 2015) (internal quotation marks omitted). We review the bankruptcy court's denial of a motion to reopen for abuse of discretion. *See Wood v. Kenan* (*In re Woods*), 173 F.3d 770, 778 (10th Cir. 1999). To the extent the decision rests on questions of law, such as application of claim preclusion, we review those de novo. *See Search Mkt. Direct, Inc. v. Jubber* (*In re Paige*), 584 F.3d 1327, 1336 (10th Cir. 2009); *Johnson v. Spencer*, 950 F.3d 680, 704 (10th Cir. 2020) (reviewing dismissal based on claim preclusion de novo). A bankruptcy court does not abuse its discretion by denying a motion to reopen if it could not afford relief upon reopening. *See Chanute Prod. Credit Ass'n v. Schicke* (*In re Schicke*), 290 B.R. 792, 798 (B.A.P. 10th Cir. 2003), *aff'd*, 97 F.App'x 249, 251 (10th Cir. 2004).

III.

We affirm the bankruptcy court's ruling that claim preclusion prevented Mr. Springer from challenging the validity of his 1990–1995 federal income tax liabilities.[1] That ruling is consistent with our own, that "the underlying tax

---

[1] We need not address whether Mr. Springer's arguments implicate the validity of any other tax liabilities. His motion to reopen argued the IRS was violating the discharge order by seeking to collect 1992–1995 taxes, and sought to file an adversary complaint to obtain relief from those collection efforts. *See* Aplt. App. vol. I at 168, 182–83; *id.* vol. II at 301. Thus, to the extent his arguments on appeal relate to any other tax liabilities, they provide no grounds on which we would

assessment 'is no longer open to challenge.'" *Springer 2011*, 427 F.App'x at 653 (quoting *Springer 2007*, 231 F.App'x at 801)). Moreover, Mr. Springer has waived any challenge to the bankruptcy court's claim preclusion ruling. His opening brief contests the validity of the underlying tax assessments—because they relied on Bureau of Labor Statistics data; because he was born within the Muscogee Creek Nation and claims he is not subject to federal taxation under *McGirt v. Oklahoma*, 591 U.S. 894 (2020); and because he claims IRS officials are not validly appointed under the Constitution. But it never challenges the bankruptcy court's ruling that claim preclusion prevented him from pursuing those arguments in an adversary proceeding. He has thereby waived any challenge to that ruling. *See In re Syngenta AG MIR 162 Corn Litig.*, 111 F.4th 1095, 1112 (10th Cir. 2024) ("[I]f an appellant fails to address an issue in its opening brief, we ordinarily deem that issue waived and decline to consider it."). We therefore conclude the bankruptcy court did not abuse its discretion by denying the motion to reopen. *See In re Schicke*, 290 B.R. at 801 (finding no abuse of discretion in denial of reopening that "would serve no purpose" because the debtor could not obtain the requested relief).

---

conclude the bankruptcy court abused its discretion by denying reopening. *See United States v. Herrera*, 51 F.4th 1226, 1277 (10th Cir. 2022) ("[W]e evaluate the district court's exercise of discretion based on the information presented at the time of the ruling."); *see also Utah Animal Rights Coal. v. Salt Lake Cnty.*, 566 F.3d 1236, 1244 (10th Cir. 2009) ("[W]e generally do not consider new theories on appeal— even those that fall under the same general category as one that was presented in the district court.").

We need not resolve Mr. Springer's argument that the district court erred by referring his appeal to a magistrate judge for a recommendation; any error is harmless because the district court reviewed the recommendation de novo.

IV.

We affirm the bankruptcy court's denial of Mr. Springer's motion to reopen.

Entered for the Court

Nancy L. Moritz
Circuit Judge